# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

December 17, 2007

Frank Holahan
McElroy, Deutsch, Mulvaney & Carpenter, LLC
40 West Ridgewood Avenue
Ridgewood, NJ 07450

    (*Attorney for Plaintiff*)

Barry Alan Kozyra
Kozyra & Hartz, LLC
75 Eisenhower Parkway
Roseland, NJ 07068-1777

    (*Attorney for Defendant*)

    **RE:   World Finer Foods, Inc., et al. v. Archway Cookies, LLC.**
            **Civ. No. 03-1277 (WJM)**

Dear Counsel:

    The Court writes this letter to admonish counsel for waiting until the day of trial to utilize this Court's assistance in facilitating a settlement.

    The eventual settlement could have and should have been reached before trial was to begin.  Although the parties claimed in the days approaching trial to be unable to settle, they managed on the day of trial to settle the entire case in only three hours.  Yet little changed in their case in the days approaching trial.  No major discovery occurred, and no major motions were unresolved.

At the settlement conference on the day of trial, the parties noted that four of Archway's motions remained pending before this court and claimed that this pendency prevented settlement, but these claims are unpersuasive.  Two of these motions were motions in limine that had little merit or bearing on the ultimate outcome of this case.  The other two motions were summary judgment motions that Archway filed only after the deadline this Court had set for the filing of summary judgment motions.  Archway's untimely filing not only violated a formal deadline, it prevented meaningful response from the Plaintiffs and thus prevented meaningful review by this Court.

The parties also attempted to justify their failure to settle earlier by arguing that settlement often occurs only with the Court's facilitation.  While the Court is not unmindful of the role it plays in facilitating settlement, the Court has little sympathy for this claim.  This Court offered its assistance several times to the parties and indeed attempted to facilitate a settlement on several occasions.  The parties also participated in several rounds of mediation.  Despite this Court's and the mediator's best efforts, the parties did not engage in serious settlement negotiations until the day of trial.

The parties' delay of serious settlement negotiations until the day of trial was not costless.  It forced this Court to assemble a jury pool and to pay the jurors an amount totaling $1,640.[1]  This Court has decided after much consideration not to impose this cost upon the parties.  Nevertheless, the parties should be aware of the costs they have needlessly imposed upon the American taxpayer.

Finally, the parties' dilatoriness provided fodder for the public's disillusionment with the federal judicial process.  The jurors in this case were summoned to the courthouse, forced to sit idly for several hours, and then told to leave when the case settled.  These jurors are likely to conclude that the judicial process is a sham, a cipher used by lawyers only to coerce each other into settling cases.  The parties' contribution to the growing public displeasure with the jury process is a harm of which this Court hopes the parties are acutely aware.

In conclusion, the parties' failure to diligently engage in serious settlement negotiations before trial is disturbing.  The parties have consumed valuable judicial resources and have weakened the public's image of the judiciary.  The Court hopes that the parties will reflect seriously on this.

s/William J. Martini

**William J. Martini, U.S.D.J.**

---

[1] Each of the forty-one jurors in the jury pool for this case received $40, or $1,640 total.